NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wadjalawgroup.com
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA L. PAPANIC,<br><br>Plaintiff,<br><br>v.<br><br>GENPACT SERVICES LLC,<br><br>Defendant. | Case No. 5:19-cv-00807<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW comes LISA L. PAPANIC ("Plaintiff"), by and through her attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of GENPACT SERVICES, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

1

2.   This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

PARTIES

4.   Plaintiff is a 43 year old consumer residing in Lake Elisnore, California, which is located within the Central District of California.

5.   Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

6.   Defendant is a debt collection agency operating out of the state of Michigan. Defendant is a limited liability company organized under the laws of the state of Delaware with its principal place of business located in Southgate, Michigan.

7.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

FACTS SUPPORTING CAUSES OF ACTION

9.   The instant action arises out of Defendant's attempts to collect upon an outstanding Synchrony Bank ("Synchrony") consumer obligation ("subject consumer debt") allegedly owed by Plaintiff.

10.  The subject debt stems from purchases Plaintiff made on an Amazon store credit card account issued through Synchrony.

2

11. Plaintiff used the Amazon store credit card to make purchases that were primarily for personal use.

12. After incurring the subject consumer debt, Plaintiff allegedly defaulted on her payments to Synchrony.

13. Synchrony subsequently turned collection of the subject debt over to Defendant after Plaintiff's purported default.

14. On or around March 15, 2019, Defendant sent or caused to be sent a correspondence to Plaintiff which sought collection of the subject consumer debt. *See* Exhibit A.

15. The correspondence lists the "Total Account Balance" of the subject consumer debt as $3,036.83. *Id.*

16. Immediately below the listing of the account balance, the correspondence outlines the "Amount Now Due" as $514.00. *Id.*

17. The correspondence goes on to state "[t]he amount now due on your account is state above. Your total account balance (and with it, the amount now due) may increase because of interest or other charges." *Id.*

18. Below this portion of the letter, the correspondence provides the 30-day validation notice required to be provided in initial communications by 15 U.S.C. § 1692g, which is designed to describe consumer's rights and ability to dispute the debt within the first 30 days of receiving a written communication from a debt collector.

19. The correspondence further contains a detachable payment coupon designed to allow Plaintiff to make payment on the account.

20. The nature of Defendant's correspondence is designed in a way that overshadows and obfuscates the rights of Plaintiff under the FDCPA.

21. Plaintiff has suffered financial loss including expending assets dealing with Defendant's conduct.

22. Plaintiff has further suffered a violation of her state and federally protected interests as a result of Defendant's conduct.

<u>**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**</u>

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is the primary purpose of its business.

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **a.  Violations of the FDCPA § 1692e**

28. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

29. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

30. Defendant violated 15 U.S.C. § 1692e and e(10) when it deceptively and misleadingly obfuscated the nature of Plaintiff's rights to dispute the subject debt within the 30 day validation period. Defendant's correspondence was structured in a way designed to compel Plaintiff's immediate payment on at least a portion of the subject debt. However, compelling such immediate

payment has the potential to mislead and deceive consumers as to the rights available to them under the FDCPA.

### b. Violations of the FDCPA § 1692g

31. The FDCPA, pursuant to 15 U.S.C. §1692g(a), requires debt collectors to provide consumers with various pieces of information regarding consumer's rights to dispute the validity of certain debts. Pursuant to 15 U.S.C. § 1692g(b), any "communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

32. Defendant violated § 1692g(b) through the nature of its correspondence sent to Plaintiff which was designed to compel Plaintiff's immediate payment on the subject consumer debt. The structure of Defendant's collection correspondence and its attempts to compel Plaintiff's immediate payment were designed to obfuscate the nature of Plaintiff's rights to obtain verification of the subject debt prior to making any payments in connection therewith.

WHEREFORE, Plaintiff, LISA L. PAPANIC, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

33. Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

35. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

36. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a. Violations of RFDCPA § 1788.17**

37. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

38. As outlined above, through their conduct in attempting to collect upon the subject debt, Defendant violated 1788.17; and 15 U.S.C. §§1692e and g of the FDCPA. Defendant engaged in deceptive and noncompliant conduct in its attempts to collect a debt from Plaintiff, in violation of the RFDCPA.

39. Defendant willfully and knowingly violated the RFDCPA. Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, LISA L. PAPANIC, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e. Award any other relief as the Honorable Court deems just and proper.

6

1

2    Dated: April 30, 2019                    Respectfully submitted,

3                                             By: /s/ Nicholas M. Wajda
                                              Nicholas M. Wajda
4                                             WAJDA LAW GROUP, APC
                                              11400 West Olympic Boulevard, Suite 200M
5                                             Los Angeles, California 90064
                                              Telephone: (310) 997-0471
6                                             Facsimile: (866) 286-8433
                                              Email: nick@wadjalawgroup.com
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28